> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 15, 2025[*]
Decided April 16, 2025

**Before**

THOMAS L. KIRSCH II, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

No. 24-3182

| | |
|---|---|
| WILLIAM L. ARMSTRONG III, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 24-CV-765-JPS |
| BOYLAND AUTO BGMC LLC, et al., *Defendants-Appellees*. | J. P. Stadtmueller, *Judge*. |

**O R D E R**

William Armstrong sued several individuals and automotive businesses, alleging that they violated state and federal law by failing to pay cash prizes they had promised to him and others. Armstrong, proceeding pro se, sought to represent a class of supposed prize winners. Before screening the complaint, the district court told

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Armstrong that he could not represent the putative class as a pro se litigant. The court instructed him to obtain counsel or to amend his complaint and proceed only on behalf of himself. Over the next several months, Armstrong ignored the court's instructions and filed a flurry of motions for class certification. Eventually, the court dismissed the suit without prejudice for Armstrong's repeated violations of its orders. Because dismissal was reasonable, we affirm.

In June 2024, Armstrong filed his pro se complaint against the defendants, alleging in part that they unlawfully conspired to withhold cash prizes that were promised in a mailed notice that Armstrong and nearly one hundred thousand other people had received. Armstrong sought to certify a class of households that received the mailed notice. *See* FED. R. CIV. P. 23. He also petitioned to proceed in forma pauperis (IFP). The district court deferred screening his complaint under 28 U.S.C. § 1915(e)(2) to first "address a threshold issue"—his characterization of the suit as a class action. After informing Armstrong that he could not sue on behalf of a class while proceeding pro se, the court gave him two weeks to obtain counsel or to proceed pro se only on behalf of himself. The court warned Armstrong that failure to timely comply with its order would result in dismissal of his suit.

Armstrong did not comply with the district court's order. Instead, he requested an indefinite stay of the proceedings and for the court to recruit "interim" class counsel. The court denied the stay and the request for recruitment of counsel (because Armstrong had not shown that he made a reasonable attempt to obtain counsel independently), and it informed Armstrong that he could (1) proceed on behalf of himself; (2) obtain counsel and then seek class certification; or (3) renew his request to recruit counsel. Armstrong next filed a motion containing several requests, including for recruitment of counsel and for service of process. The court denied the motion, ruling, among other things, that Armstrong's previous filings showed that he was competent to litigate his individual claims himself. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). The court also granted Armstrong's pending motion for leave to proceed IFP but determined that service of process should be deferred until it screened the complaint under § 1915(e)(2). The court instructed him that his suit would be dismissed if he did not obtain counsel or file an amended complaint on behalf of himself alone within two months.

The next month, Armstrong—still purporting to represent the putative class—filed another omnibus motion. The court denied each request for relief and gave Armstrong a "final warning" that it would dismiss the suit if he filed another motion

before complying with the order either to file an amended complaint or to obtain counsel to represent the putative class. When Armstrong filed another omnibus motion the next month, the court dismissed the suit for failure to comply with its orders.

On appeal, Armstrong challenges the dismissal of his suit on that basis, a decision we review for abuse of discretion. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). District courts generally have broad authority to dismiss a suit for failure to comply with court orders. *Id.*; FED. R. CIV. P. 41(b). Courts ideally should consider several factors when determining whether to dismiss under Rule 41(b), but the propriety of the sanction ultimately depends on the circumstances of the case. *See McMahan*, 892 F.3d at 931–32 (listing factors). Accordingly, we will reverse only if the court's analysis was tainted by a legal error or a failure to consider an essential factor, or if the decision "strikes us as fundamentally wrong." *Id.* at 931 (quoting *Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001)).

Armstrong argues that the court's decision was tainted by legal error, but his arguments lack merit. He primarily challenges the district court's conclusion that he could not represent a putative class as a pro se litigant. The court was correct, however: it is well understood that a pro se litigant can represent only himself. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). This limitation extends to class actions. *See United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009). The court gave Armstrong multiple explanations and, importantly, multiple warnings that he needed to take one of its suggested actions to remedy the defect. Dismissal was no abuse of discretion.

Armstrong also argues that the court erred by refusing to order service of process on the defendants before it screened his complaint. But the district court exercised its considerable discretion over case management in a reasonable way, declining to screen the complaint—i.e., to determine whether there was a nonfrivolous and legally viable claim—until the threshold issue of Armstrong's representation of other plaintiffs was resolved. Further, it was appropriate for the court to delay service of process until after screening the complaint on the merits. Section 1915(e)(2)(B) directs the court to dismiss a case filed by an indigent plaintiff at "at any time" if the action fails to state a claim, is frivolous, or seeks relief from defendants who have immunity. A court need not order service of process at government expense before completing this step. This would defeat the purpose of screening complaints: to spare the targets of unviable lawsuits the

expense of responding. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012). Further, it would not have been an efficient use of the court's time when the possibility remained that counsel would appear (and presumably amend the complaint).

      We have considered Armstrong's remaining arguments, including that the district court should have deputized him to serve as an attorney for the class, but none is sufficiently developed to merit discussion.

                                                                                                   AFIRMED