**Seventh Circuit U.S. Court of Appeals**
**William Armstrong v. Boyland Auto BGMC LLC, et al**
**0:24-cv-03182**
**Motion for increased word limit for petition for rehearing en banc, and petition for panel rehearing, and motion for extension of time to file petitions for rehearing en banc and petition for panel rehearing, and also a motion for reconsideration generally;**

I'm motioning for an increased word limit for petitioning for rehearing and rehearing en banc, and motioning for extension of time to file those petitions.

I'm requesting an additional ten thousand words for my petition for rehearing en banc and petition for panel rehearing, that's an additional ten thousand words between them. This is an estimate of the need based on the amount of my brief that was merely ignored by the court.

I'm also asking for a three month extension of time to submit my petitions for rehearing. Hopefully i won't need that long, but part of the reason that I'm asking for as much time as I'm asking for, is because I need to petition for certiorari by the supreme court now, otherwise there won't be time to avoid substantial and irreparable injury, and realistically it may already be too late. My next two weeks should be for SCOTUS not for the court that merely ignored my arguments and the law.

I want to get this motion in early so that the appeals court might decide it early enough for these next two weeks to be more directly focused on SCOTUS. For the purposes of this motion i don't really have time to more cleanly and comprehensively develop my arguments, but I'll support my appeal to SCOTUS argument with reference to some clear and serious error.

For starters, this may be my money argument for reversing you in SCOTUS, supreme court rules must respect the rulemaking process and should not be modified by decisions in particular cases. This court clearly and flagrantly abused its discretion by creating an exception to the "must so order" language in FRCP (c) (3) by its decision in my particular case, especially where it doesn't even attempt to explain why it's treating the language "must so order" as being non-mandatory.

The above point is clearly supported by Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997) cited in my case brief which holds "And, of overriding importance, courts must be mindful that the Rule as now composed sets the requirements they are bound to enforce. Federal Rules take effect after an extensive deliberative process involving many reviewers: a Rules Advisory Committee, public commenters, the Judicial Conference, this Court, the Congress. See 28 U. S. C. §§ 2073, 2074. The text of a rule thus proposed and reviewed limits judicial inventiveness. Courts are not free to amend a rule outside the process Congress ordered, a process properly tuned to the instruction that rules of procedure "shall not abridge ... any substantive right." § 2072(b)."

This court's amendment of the "must so order" language in the rule into something discretionary, i think was a clear error and clear abuse of discretion, so much so that it could even be reversed per curiam.

**Seventh Circuit U.S. Court of Appeals**
**William Armstrong v. Boyland Auto BGMC LLC, et al**
**0:24-cv-03182**

My next claim of error involves that, Section 7 of my appeals brief was 2400 words, and the section discussing Attornato and other methods by which the district court could admit a person to practice as an attorney was over 2,500 words. My case title, table of contents, jurisdictional averments, and procedural history, I believe was 6,729 words, which admittedly squeezed in some legal argument. The entire document including portions excluded from word count was 14,540 words. Effectively about half of my brief that was directed squarely at the issues was devoted to the issue of the district court's ability to admit a person to practice as counsel, and that was directly material to the issues that the court had addressed. This court effectively duplicated the mistake from Miles v Klein, which much of my brief was prepared with the intention of avoiding, though prepared in contemplation of oral argument, and the relevant portions of my brief were merely ignored.

I might frame the above claim of error as the court disregarding the maxim that isn't to be disregarded that was referred to in brief, and a violation of Cohens v. Virginia, 19 U.S. 264 (1821) which states that "It is a maxim not to be disregarded that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."

What the court has given us is another non-precedential class action that cites to a quit tam, disregarding the maxim that when the very points are presented for decision they should be decided and general expressions in other opinions should not be controlling. This particular case is even more egregious because it ironically cites to United States ex rel. Eisenstein v. City of New York, 556 U.S. 928 (2009) while totally ignoring footnote 3 in Eisenstein which emphasizes that class action nature suits are distinguishable from other legal contexts, and also ignoring all of my arguments directed at the unique circumstances applicable to the class action context, such as supreme court rule preemption of other laws, the particular legal background including supreme Courts decision in Shady Grove Orthopedic v. Allstate Ins. Co., 559 U.S. 393, and the factual rulemaking intent argument that "It makes no sense to read "will fairly and adequately protect their interests" in a way where a court may be required to apply it in a screw their interests way.", not to mention the factual contractual promise argument.

The fact that these arguments were merely disregarded, while denying me oral arguments and being directly material to what was decided, I think was a clear abuse of discretion.  The opinion this court provided in this case i think 8s clearly terrible, beyond reasonable dispute.

The above two arguments are the tip of an iceberg: I have thirteen pages.

One of my principal arguments for irreparable harm to my personal interests and the interests of the class from delaying a correction of this courts clear errors involves my argument that certain substantial interests of the class of people that I've sought to protect and my personal interests related to my claim of personal entitlements under the laws of the United States, likely will not survive  this appeals court to taking another three months to get it wrong again while ignoring everything I argued. The Kaufman Dolowich defendant is prospectively uniquely prosecutable

**Seventh Circuit U.S. Court of Appeals**
**William Armstrong v. Boyland Auto BGMC LLC, et al**
**0:24-cv-03182**

for failure to settle damages in connection with a judgement if i'm the litigant maintaining and pressing the prosecution. This prospective failure to settle damage is worth potentially hundreds of millions of dollars or more for the putative class. If we're unable to prevail against GM or alternatively on theories of joint and several liability, this could be one of few meaningful chances that the class will have at recovering anything close to what we could prevail for. Such a claim would belong to the business entity Boyland Auto, and that business having such a claim is potentially immensely valuable, even if subsequent contracts between the relevant defendants may need to be contested. Unfair injury to this pecuniary interest also will affect the contractual relationship with the pro se adequacy and attornato trust involving their promise tobprovide a reward to the class in addition to our legal entitlement up to the full amount of our claimed legal entitlement, which this court like the district court below it has thus far chosen to disregard entirely. Perhaps that trust is perceived by these courts as being owned or operated by indigents, and so like the procedural rights and case law quotations of indigents is being treated as insufficiently developed and immaterial by this court.

So I'm asking for ten thousand additional words, because i have to state with particularity error directed at most of my brief, in addition to explaining the clear and subtle error related to what the court had addressed. I'm asking for an additional three months or at least a lesser extension to the time for filing petitions for rehearing, so that I can more completely emphasize seeking relief from SCOTUS more promptly, because what you've just done is delayed for months and then came back with clear and egregious error, and substantial interests won't survive another similar delay.

Additionally, while being grossly negligent, this appeals court has law of the cased me at the appellate level, very near the deadline for refiling in the district court, and greatly prejudiced me and the district court in my ability and it's ability to even attempt to protect the interests of the class and my related personal interests in the district court. This court didn't even acknowledge my argument that it's specifically and as a matter of statutory law  the rules of the district court specifically that determine whose able to appear as counsel in the district court, while preventing me and the district court, by law of the casing me at the appellate level, from relying on these very same arguments for the protection of relevant interests at the definitive statute of limitations for much of the claim which is in just a couple of months. I believe that the terrible way that this court handled my appeal violated my rights to due process, including specifically my right to be heard in a meaningful manner. Treating my direct quotations from precedential cases as insufficiently developed for reaching those legal arguments is shocking, and i think clearly offends my right to be heard in a meaningful manner.

I'm also asking the court to correct it's judgement with a general motion for reconsideration, as distinct from petitions for rehearing. If the court would correct it's mistake it might save us all some trouble. The applicable standard of review for abuse of discretion is not "was it reasonable", it's "was there abuse of discretion and was there harm", and legal error is abuse of discretion even if it was reasonable. You didn't even ask the right question for review.

Anyway this isn't a full brief, it's a quickie.