**Seventh Circuit U.S. Court of Appeals**
**William Armstrong v. Boyland Auto BGMC LLC, et al**
**0:24-cv-03182**
**Second motion for reconsideration and increased word count for petition for rehearing and rehearing en banc, and motions to suspend FRAP 46**, **circuit rule 46, and other rules, and for admission as attorney via writ of Attornatio.**
I'm starting by motioning for admission via Attornatio or otherwise.

This court does not have discretion to modify the federal rules of civil procedure by its decisions in particular cases, e.g Amchem, 521 U.S. at 620: "Courts are not free to amend a rule outside the process Congress ordered…".  That's basic law for dealing with SCOTUS rules. That this court would attempt to modify FRCP 4 (c) (3) by decision in this case to make the mandatory language non-obligatory is a grave concern. The panel judges have however many years of experience personally and collectively, making this oversight all the more egregious. Something similar happened in another action I'm prosecuting in the district court, William Louis Armstrong v. City of Milwaukee, also before StadtMueller, where while screening he applied an incorrect standard for deliberate indifference in a civil rights case involving public officials that had an opportunity for reasoned deliberation, which I considered to also be a fairly significant oversight.

This courts egregious oversight regarding something so fundamental is an exigency justifying suspension of this court's ordinary practices and my admission via writ. There's no way you should have overlooked that, I'm calling it to your attention, clearly there's value in having me. I'm willing to commit two thousand hours of pro bono for the year, with continued representation of my pro bono clients to the conclusion of their cases. The court should suspend any of its rules as is necessary to facilitate my admission.

My admission to this appeals court also may allow me to protect the rights of identified disabled class members, whose privacy has been protected thus far, which is its own exigency. It will allow the district court to consider my admission by its usual procedures.

I have experience preparing at least two state and federal civil ricos, experience preparing common law conversion claim involving stolen property, experience preparing 1983 civil rights claim including monell pleading, experience arguing for application of Iqbal Twombly pleading standards in state court proceedings and specifically their application to pleading of affirmative defenses, experience preparing Wisconsin state contract and legal malpractice claims, for starters. More available on request.

I'm including a truncated draft for my petition for rehearing en banc in this motion, partly so the court can have it while considering my admission but it's also informative.

---
Beyond admission via Attornatio, I'm also moving a again for an increased word limit respecting his petition for rehearing and rehearing en banc. Upon a cursory view of the requested increase to word limit it may seem oversized, but a closer view tells a different story. The requested word limit is undersized for even beginning to cure defects in this courts handling of this appeal.

Appellate procedure is a scarce and precious resource, and this court's practices unfairly deprived me. Prior to this courts decision, I still had time to file my appendix, to file my reply brief, to supply the laws in pamphlet form, to provide supplemental authorities, to assert claims processing rules, etc.

Frap 30 (c) (1) reads; "The court may provide by rule for classes of cases or by order in a particular case that preparation of the appendix may be deferred until after the briefs have been filed and that the appendix may be filed 21 days after the appellee's brief is served"

The above law provides that the time that i had for filing my appendix was upto 21 days after the appellee's brief was served. I was never served so my time to file an appendix (or a reply brief) never lapsed.

Frap rule 31 (a) (1) says "The appellee must serve and file a brief within 30 days after the appellant's brief is served. The appellant may serve and file a reply brief within 21 days after service of the appellee's brief but a reply brief must be filed at least 7 days before argument, unless the court, for good cause, allows a later filing."

The above law shows that the appellee's reply brief is mandatory under the federal rules of appellate procedure. The mandatory language in that rule with respect to the appellee's brief, especially as it contrasts with the permissive language respecting the reply brief, suggests that I should be able to submit a reply brief in ordinary course, and I shouldn't lose that opportunity just because the appellee didn't comply with the law. It also shows that time for filing the reply brief had not run.

FRAP rule 31 (a) (1) is a mandatory claims processing rule that I have a right to the enforcement of if timely raised. The appellee's failure to comply with that rule should not inure to the disadvantage of the appellant. The specific time window means the rule can not be enforced exactly as written if raised after the time has run, but the statement of a deadline for filing does not negate the requirement of filing, and i should be put in as good a position as i would have been in but for the appellee's violation of law. I believe it would have been timely to raise this issue within the appellee's window for responding to a circuit rule 31 (d) order, as I would have if this court had not suspended federal rules of appellate procedure and it's own circuit rules without warning and without specific order directing further proceedings in another manner. In the future I may assert it right away along with my appeals brief.

Circuit rule 31 (d) states; "When an appellee's brief is not filed on time, the clerk shall enter an order requiring the appellee to show cause within 14 days why the case should not be treated as ready for oral argument or submission and the appellee denied oral argument. The court will then take appropriate action."

The above rule shows that I should have had fair warning for submitting my reply brief and other documents or objections prior to the initial decisionl. It establishes a clear window that I would

have had for asserting rights prior to decision. Without warning I was denied the benefits of specific procedures outlined in the written law.

My Appellant brief was filed feb 13th. Counting starts with February 14th. The appellee's had 33 days because of paper service, so the appellee's latest date for service without extension was March 18th, and counting starts with 19th. 21 days from March 19th is April 8th and the appeals courts order was April 16th.

The appeals court order was only 8 days from when I would have had to file my reply brief if the appellees had served theirs on time. 8 days is not an inordinate amount of time for raising the issue after having not received the appellee's brief.

I also was never informed by the clerk in the negative whether an oral argument would be scheduled. FRAP 34 (b) says the clerk will give notice whether oral argument will be scheduled, in a manner clearly indicating that it applies to both the decision to schedule and the decision not to schedule because it says they must give notice whether ", and, if so,".

This court's suspension of the above laws without warning was prejudicial. Short of vacatur and deciding the appeal anew, there's no complete remedy for being deprived a determination on a more complete record with a fair chance to assert my rights and interests the first time. Even twenty thousand words is no substitute for fair process the first time.

The reply brief that I was denied without warning had a word limit of 6,500, the petition for rehearing has a word limit of 3,900, which is 10,400 words, and assuming 30 minutes for oral argument with a twenty minute speech at 150 words per minute and ten minutes for answering questions at half that speed, that would be an additional 3,750 words, for a grand total of 14,150 words.  My requested increase of ten thousand words would put my word count at 13,900 words.

Skeletal arguments in a principal brief can be further developed by  reply brief. My principal brief was prepared in contemplation of the law being followed. Much could be said answering volume speaking silence from appellee's. I could have said "they can't say this because I'll say this, and they can't say that because I'll say that, and they'd rather the court say this without me being able to say this first."

That this court overlooked Viking River Cruises, Inc. v. Moriana, 596 U.S. ___ (2022), and footnote 3 of Eisenstein, which each emphasize the importance of distinguishing between class action and other procedural contexts, while itself citing qui tam actions for decision respecting the class action posture of the district court proceedings in this case, I think is a product of denying me oral arguments and depriving me without warning of a fair opportunity to assert my rights or interests prior to decision, and to provide the laws in pamphlet form with supplemental authorities.

If the appellee said what this court said I would have strongly rebutted them, I would have pointed to the above cases, as well as cases such as Cruz v. Hauck 404 U.S. 59 (1971) from my principal brief and Cruz v. Beto, 405 U.S. 319 (1972) each of which were class actions from the early seventies which SCOTUS remanded with instructions to lower courts to proceed to merits, as well as cases such as Hall v. Beals, 396 U.S. 45 (1969) in which a pro se on behalf of a class also represented somebody else before the supreme court, and I could point to Lawrence v. Chater, 516 U.S. 163 (1996) where SCOTUS granted a fee waiver to a non-lawyer pro se next friend and issued a GVR order for them to proceed in a lower court, I also would have pointed to Georgakis myself as an authority in support of my position. The first three of the above mentioned cases show that pro se litigants were not forbidden categorically from maintaining class actions near the time when rule 23 was passed. Although the appeal in Hall was mooted, that was because of a change in the law without reference to Hall's pro se status as the grounds for that decision, and several justices dissented.

The timing of those cases is especially probative because of the SCOTUS opinion in Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) "Federal Rules take effect after an extensive deliberative process involving many reviewers: a Rules Advisory Committee, public commenters, the Judicial Conference, this Court, the Congress. See 28 U. S. C. §§ 2073, 2074. The text of a rule thus proposed and reviewed limits judicial inventiveness. Courts are not free to amend a rule outside the process Congress ordered, a process properly tuned to the instruction that rules of procedure "shall not abridge . . . any substantive right." § 2072(b).", as well as the SCOTUS opinion in Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999) that said "The nub of our position is that we are bound to follow Rule 23 as we understood it upon its adoption, and that we are not free to alter it except through the process prescribed by Congress in the Rules Enabling Act.". The above cases are dispositive in light of Amchem and Ortiz with respect to rule 23. The notion that self represented litigants are categorically precluded from representing the interests of others for purposes of rule 23 doesn't hold water.

My citations should motivate this court to suspend any of its rules necessary for the prompt correction of it's mistakes without requiring further action by the parties. This court suspended procedural rules without warning to my disadvantage, it should suspend other rules to promptly correct it's mistake. It's well within this courts authority under FRAP 2 to do so while directing further proceedings by order. The court should exercise that authority.

I also could submit my petition for rehearing sooner with an increased word limit. I could probably comfortably submit it next week with the increased limit. Understand that part of the problem is just how much of my principal brief was outright disregarded. I had over a thousand words quoting precedent, including over 700 words of SCOTUS precedent, and though your ruling ran up against it, none was discussed. I don't understand how you read Shady Grove saying "Rule 23 unambiguously authorizes **any** plaintiff, in **any** federal civil proceeding, to maintain a class action if the Rule's prerequisites are met", yet proceed to rely on a qui tam case ignoring class action specifics. The frankly egregious disregard for the law and arguments that were made in the principal brief invites a greater amount of briefing on rehearing and petitioning for rehearing.

It violated due process rights to suspend those laws governing opportunity to be heard at a meaningful time and in a meaningful manner without fair warning. Those provisions of law afforded a specific meaningful opportunity to be heard, and suspending them without warning was fundamentally unfair.

_____

**Begin draft petition;**

The first table is a table of arguments, showing principal brief arguments, their location in the brief, citation to relevant rules, statutes, and cases, and quotations from applicable cases, nonexhaustive. The second table is a table of conflicts, pointing to language in the panels decision relating to each conflict, as well as SCOTUS and 7th circuit cases that the decision conflicts with. Together these two tables constitute my statement that the panel decision conflicts with SCOTUS precedent and 7th circuit law. The full court's consideration is necessary to secure uniformity of the courts decisions, especially given the unique facts of this case and the historical background affecting relevant areas of law. A plain language argument petitioning for rehearing will follow the tables, and will succinctly detail key oversights and misapprehensions, along with procedural detects undermining the fairness of the initial decision.

Table prepared with help of AI. Maybe misnumbering.

# Table of arguments

| # | Argument (affirmative statement) | Location (brief page) | Statutes / Rules | Principal Cases Cited | Exact Supporting Quotation |
|---|---|---|---|---|---|
| 1 | **Adequacy under Rule 23(a)(4) is a fact question that cannot be homogenized; the district court erred by applying a per-se bar to pro se class representatives.** | p. 15 | FRCP 23(a)(4) | *Susman*; *Fitzsimmons*; *Cooter & Gell* | *Susman*, 561 F.2d at 90: "Whether a party will adequately protect the interests of the class is a question of fact depending on the circumstances of each case." |
| 2 | **The "no-representation-by-pro se" rule is only a general rule; courts may depart from it when its justifications** | p. 16 | 28 U.S.C. § 1654 | *Elustra*; *Singleton*; *Wojcicki* | *Singleton*, 428 U.S. at 121: "Like any general rule, however, this one should not be applied where its underlying |

| | | | | | |
|---|---|---|---|---|---|
| | are absent, such as at the precertification stage of a class action. | | | | justifications are absent." |
| 3 | Refusing to issue a summons to an indigent plaintiff before IFP status was granted created an unconstitutional wealth-based classification. | p. 14 | FRCP 4(b); 5th & 14th Amends. | *Armstrong v. Manzo*; *Griffin* | *Armstrong*, 380 U.S. at 552: "A fundamental requirement of due process is 'the opportunity to be heard' … at a meaningful time and in a meaningful manner." |
| 4 | After granting IFP, the court's refusal to order Marshal service contravened Rule 4(c)(3) and is reversible legal error. | p. 11 | FRCP 4(c)(3); 28 U.S.C. § 1915(d) | | **FRCP 4(c)(3)** (rule text): "At the plaintiff's request, the court may order that service be made … The court **must so order** if the plaintiff is authorized to proceed in forma pauperis …" |
| 5 | The district judge had ample statutory/inherent power to admit or appoint counsel … and abused discretion by declaring himself powerless. | pp. 24-25 | 28 U.S.C. §§ 132, 1651, 1654, 2071; FRCP 23(g)(1)(E), 83 | *Ex parte Garland*; *Ex parte Secombe* | *Secombe*, 60 U.S. 9 (1856) "And it has been well settled, by the rules and practice of common-law courts, that it rests exclusively with the court to determine who is qualified to become one of its officers, as an attorney and counsellor…" |
| 6 | Rule 23 and *Shady Grove* entitle any plaintiff who satisfies the prerequisites to maintain a class action; local or prudential bars are pre-empted. | p. 16 | FRCP 23; 28 U.S.C. § 2072(b) | *Shady Grove*; *Geraghty* | *Shady Grove*, 559 U.S. at 398: "Rule 23 unambiguously authorizes any plaintiff, in any federal civil proceeding, to maintain a class action |

| | | | | | if the Rule's prerequisites are met." |
|---|---|---|---|---|---|
| 7 | **The district court abused its discretion by failing to recognize that it had discretion at all (non-exercise of discretion is itself reversible).** | p. 15 | — | *Corner*; *Dolin*; *Koon* | *Corner*, 967 F.3d at 665: "A court's failure to exercise its discretion is itself an abuse of that discretion." |
| 8 | **Applying the outdated "as soon as practicable" Rule 23 standard (instead of "early practicable") was legal error and infected subsequent proceedings.** | p. 17 | FRCP 23(c)(1)(A) | *Amchem* | *Amchem*, 521 U.S. at 620*:* "Courts are not free to amend a rule outside the process Congress ordered…" |
| 9 | **Failure to consider *Maclin-v-Freake* counsel factors and *Hilton-v-Braunskill* stay factors further shows erroneous legal framework.** | p. 22 | 28 U.S.C. § 1915(e)(1) | *Maclin*; *Hilton* | *Maclin*, 650 F.2d at 887: "In deciding whether to request counsel the district court must consider the complexity of the case and the plaintiff's capacity to present it." |
| 10 | **The district court violated *Amchem*'s command to keep "the interests of absent class members in close view"; calling child victims "entirely speculative" proves it ignored those interests …** | p. 18 | FRCP 23 | *Amchem*; *Conrad* | *Amchem*, 521 U.S. at 612: "Rule 23's requirements must be applied … **with the interests of absent class members in close view.**" |
| 11 | **Amchem and *Ortiz* forbid ad-hoc modification of Federal Rules; by treating Rule 4(c)(3) and Rule 23 as** | pp. 18, 22 | FRCP 4(c)(3); FRCP 23; 28 U.S.C. § 2072(b) | *Amchem*; *Ortiz* | *Ortiz*, 527 U.S. at 845: "We are bound to follow Rule 23 as we understood it upon its adoption, and we are |

| | | | |
|---|---|---|---|
| **optional, the court effectively rewrote them, exceeding its authority.** | | | not free to alter it except through the process prescribed by Congress in the Rules Enabling Act." |

# Table of conflicts

| # | Panel Passage That Creates the Conflict (April 16 2025 order) | Conflicting SCOTUS Precedent | Conflicting 7th-Cir. Precedent |
|---|---|---|---|
| 1 | "*It is well understood that a pro se litigant can represent only himself.*" (slip op. 2) – panel never addresses Rule 23(a)(4) adequacy fact-finding. | *Cooter & Gell* (1990) – adequacy = fact issue. | *Susman* (1977); *Fitzsimmons* (1986) – adequacy must be decided case-by-case. |
| 2 | Same sentence; panel treats the rule as absolute. | *Singleton v. Wulff* (1976) – general rules yield when justification absent. | *Elustra* (2010) – calls the pro-se bar a **general rule**; *Wojcicki* (2020); Georgakis (2013) |
| 3 | Panel approved "*deferred screening … before issuing service*" and clerk's non-issuance of summons (slip op. 3). | *Griffin v. Illinois* (1956) – equal procedural access for indigents. | *Dear v. Rathje* 485 F.2d 558 (1973) – clerk must issue summons "forthwith." for pro se non-lawyer next friend |

| | | | |
|---|---|---|---|
| 4 | Panel approves refusal to order Marshal service until screening (slip op. 3–4). | *Amchem* (1997) – courts may not rewrite mandatory Rules. | *Wheeler v. Wexford* (2012) – "A judge's failure to act earlier is a reason to act now, not a reason to deny an otherwise meritorious motion." |
| 5 | Panel upholds denial of counsel, saying Armstrong "*showed he was competent*" (slip op. 2–3). It never acknowledges court's inherent power to admit or appoint. | *Ex parte Garland* (1866); *Ex parte Secombe* (1856) – inherent admission power. | *(No 7th-Cir. case disagrees; panel simply ignores Garland / Secombe principle).* |
| 6 | By refusing any class action unless counsel appears (slip op. 2), panel adds a prerequisite not in Rule 23. | *Shady Grove* (2010) – Rule 23 alone controls eligibility. | *Geraghty* (7th Cir. 1980) – same point; no extra hurdles. |
| 7 | Panel declares district court acted "*reasonably*," never acknowledging it's statements showing it didn't recognize discretion (slip op. 3–4). | *Koon v. U.S.* (1996) – failure to recognize discretionary authority is reversible. | *Corner* (2020); *Dolin* (2020) – same abuse-of-discretion rule. |
| 8 | Panel cites pre-2003 "as soon as practicable" timing (slip op. 2 n.1) while approving dismissal. | *Amchem* (1997)*:* no amendment of FRCP by decision in particular cases | |
| 9 | Panel ignores *Maclin* counsel factors and *Hilton* stay factors, deeming denial "reasonable" without that analysis (slip op. 2–3). | *Hilton v. Braunskill* (1987) – required stay factors. | *Maclin v. Freake* (1981) – mandatory counsel factors. |

| 10 | Panel labels Armstrong's class allegations "ignored instructions … flurry of motions" (slip op. 2) but never assesses absent members' interests; calls child-victim claims "speculative" implicitly (district court language it affirms). | *Amchem* (1997) – court must take a **close look** to protect absent members. | *Conrad v. Boiron* (2017) – same close-look duty. |
| --- | --- | --- | --- |
| 11 | By treating Rule 4(c)(3) & Rule 23 mandates as discretionary, panel effectively rewrites them (slip op. 3–4). | *Ortiz v. Fibreboard* (1999) – Rules cannot be altered case-by-case. | *Dear* (Rule 4 summons); *Elustra* (rule flexibility) – panel's rewrite conflicts with both. |

To start, the court misapprehended two critical points of special importance, the first is that the terms "pro-se" and "non-lawyer" are not synonyms, and their differences are material. The prejudice to me flowing from this misapprehension is apparent from this court's treatment of Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013), which should be understood as firmly establishing my case that specifically pro se's may maintain actions on behalf of others, on account of the explicit either or proposition from the opinion that says "to maintain a suit on behalf of the government, the relator (as the qui tam plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer", which clearly shows that a lawyer can maintain an action representing other people while (ostensibly) pro se. Georgakis proves my case with respect to pro se's and narrows the issue to non-lawyer representation.

That first point is related to the second, and each goes to the heart of my argument. The second point is that I did not argue that the court should have admitted me as an attorney by alternative means, I argued that the court could have. There's a huge difference between those arguments, the former may tend to be fact intensive, while the latter is more so a question of law. I could not prove that the district court should have admitted me, that's a matter of opinion, but i can prove that they could have based on current law, and the fact that they could have admitted me as an attorney, proves that it was within the district courts discretion to do so.

Once you understand that specifically a pro se may maintain an action on behalf of others, and that the district court has discretion to admit a person as an attorney by order, it's obvious that the district court could enter such an order admitting an attorney prior to ordering dismissal, ipso facto, the district court had discretion to allow a litigant to maintain the representative action irrespective of their pro se or non-lawyer status upon filing.

Again, Georgakis proves that a pro se can maintain an action on behalf of others which narrows the issue to non-lawyer representation, and the fact that the district court has discretion to admit a person as an attorney by order and could enter such an order prior to dismissal, proves that a district court could allow any litigant to maintain a representative action. It's not actually a pro se issue it's a non-lawyer issue and the non-lawyer issue is mooted by admission.

The only remaining issue would be would anything prior to the court's order admitting a person as attorney, necessarily and automatically be a nullity, but the law was on my side. For this specific controversy, i have the general rule argument, and i also have class action context arguments such as Shady grove withadequacy as a question of fact arguments, and i can point to other cases where it wasn't an automatic nullity from both this circuit and SCOTUS, such as Elustra v. Mineo and Cruz v. Hauke et al.

My general rule argument and it's branches covers each of the above three issues. It was clear error for this court to apply the general rule as though it were an iron-clad and unyielding rule, while simply ignoring my argument that it's a general rule which shouldn't be applied where it's justifications are absent, like in  the context of a precertification class which would not be bound prior to certification and notice. I have precedent from our circuit calling it a general rule, it's treated like a general rule in that case and others including by SCOTUS. Without changing the law I should have won that issue. Not reaching the general rule argument while applying the relevant rule as though it's not a general rule, was effectively openly applying a different law while calling it non-precedential, which I believe was unconstitutional, violating due process. The fact of openly applying a different law to a certain class of people is a grave due process concern.

If the district court had recognized it's discretion, it's decision was one that absolutely might be sustained, but the basis of my appeal was not the merits of the district court's decision if discretion were used, the crux of my appeal was the district court's failure to recognize its discretion which was prejudicial legal error.  The district court clearly indicated that he believed he was constrained as a matter of law from even screening my complaint, that's clear legal error and highly prejudicial. The district court had options for allowing the action to be maintained and continued at least to some extent despite my ostensible pro se or non-lawyer status. This court's failure to even acknowledge the clear statements by the district court indicating it's position that it was constrained as a matter of law from even screening the complaint, which is clear error, and it's mere disregard for my legal arguments that the district court had discretion to do so, was an abuse of discretion by this court.

My principal brief represented multiple arguments establishing the point that the district court had discretion to proceed with screening the complaint despite an ostensible non-lawyer pro se status of the plaintiff, each of which was merely disregarded. I argued that the rule against pro se representation is a general rule that shouldn't be applied where it's underlying justifications are absent and that in the context of a precertification class in our circuit that the justification is absent, this argument was supported by precedent from our circuit and SCOTUS. I argued that SCOTUS precedent and FRCP rule text specific to the class action context preempts anything to the contrary and insofar as the requirements of rule 23 pertain to the characteristics of a

particular litigants appearance in court it shows that the controlling question is a question of fact that can not be made uniform by appellate review de novo or otherwise, this argument was supported by precedents from our circuit and SCOTUS. I argued that the district court could admit a person as an attorney by order during the course of proceedings thereby effectively mooting a non-lawyer issue beyond a point. I argued that it's specifically the rules of the district court which determine who may appear as counsel in the district court, in contrast with the rulings of this appellate court which if read as precluding district court discretion would contravene statutory law, and that the district court has considerable discretion in applying it's rules and could allow me under it's rules.

This court while utterly disregarding my quotation from Shady Grove and argument of absolute entitlement to maintain the class action if the question of fact which can't be made uniform by appellate review is answered in my favor, fails to explain why the language from Shady Grove which says "Rule 23 unambiguously authorizes any plaintiff, in any federal civil proceeding, to maintain a class action if the Rule's prerequisites are met" doesn't actually mean to this court any plaintiff in any federal proceeding despite it's natural import and cases such as Cruz v. Hauke, Cruz v. Beto, Hall v. Beals etc, each of which were class actions involving pro se litigants heard by SCOTUS from shortly after the relevant provisions of rule 23 law were adopted. The panel also overlooked precedential SCOTUS cases such as Lawrence v. Chatter (1996) which involved a pro se next friend and a GVR order, showing that SCOTUS had continued to treat the rule against non-lawyer pro se representation as no stricter than a general rule at least into the nineties.

Other than the court's oversights and misapprehensions respecting the above issues, this court also overlooked or misapprehended key laws and facts affecting my claims of error related to the court's refusal to serve the defendants or issue the summons.

The most significant oversight is probably this court's failure to apply the holding in Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) that federal rules of civil procedure can not be amended by decisions in particular cases. This court does have discretion to modify FRCP (c)(3) by decision in this particular case, changing the mandatory "must so order" language of the rule into something non-obligatory. The district court may not have been required to grant the fee waiver prior to screening the complaint or taking other actions, but it did, and once it did so I was entitled to service. This court abused it's discretion by effectively amending the federal rules of civil procedure in order to affirm the district court denying me clearly proscribed procedural rights.

This court overlooked the SCOTUS opinion in Jones v. Bock, 549 U.S. 199 (2007), which directs that "We think that the PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." The direction to screen complaints is not carte blanche to violate judicial oaths and create massive disparities in the procedural rights of rich and poor. The requirement of screening doesn't justify departure from the usual procedural practice specified in FRCP 4 (c)(3) that service of process be ordered upon request if plaintiff is allowed to proceed in forma pauperis, or summons issued forthwith.

Once you understand that it's an abuse of discretion to amend FRCP 4 (c) (3) by decision in this particular case to make the mandatory language of the rule non-obligatory, you should require no more than that for establishing my claim of legal error with respect to that issue.