**0:24-cv-03182**

**Seventh Circuit U.S. Court of Appeals**

***William Armstrong v. Boyland Auto BGMC LLC, et al***

**Appeal — United States District Court for the Eastern District of Wisconsin**

**William Armstrong's Motion to stay mandate pending petition for certiorari**

**William Louis Armstrong, 2580 S 34th St Milwaukee WI 53215, 414-248-1487**

**Service made on May 27th 2025 by US mail; upon National Business Brokers at 100 Spectrum Center Drive, Suite 900, Irvine, CA 92618; upon Kunes Buick GMC at 7020 S 27th St Suite A, Oak Creek, WI 53154; upon Kaufman Dolowich at 30 N La Salle St Suite 1700, Chicago, IL 60602; upon General Motors at 100 Renaissance Center, Detroit, MI 48243; upon Automotive Experts LLC at 5500 PRYTANIA ST #534 NEW ORLEANS, LA 70115; upon Boyland Auto BGMC, LLC at COGENCY GLOBAL INC, 100 WILBURN RD, SUITE 100 SUN PRAIRIE , WI 53590; upon Dorian Boyland at 6219 LOUISE COVE DRIVE, WINDERMERE, FL 34786**

**Document has 1,236 words, with 165 words excluded from limit.**

I request a 90 day stay of the mandate pending the filing of a petition for certiorari. If I'm unsuccessful on petitioning for rehearing, then my case would present substantial questions. I don't actually think there's much of a question because the answers are clear and in my favor, but to the extent that the court may disagree, my petition would present substantial questions

The panels misapprehension involving *Georgakis* illustrates that my case presents substantial questions.  *Georgakis* contains clear language authorizing pro se representation of others in certain contexts, yet the panel incorrectly cited it in support of an inflexible rule against all pro se representation, despite it actually authorizing it, with its unambiguous either or statement.

Additionally my *Shady Grove* argument of absolute entitlement to maintain the action if the requirements of rule 23 are met, post-dates intra-circuit cases such as Lu v. Ou, and together with the other aspects of my case would present a substantial question.

I can show that rule 23 adequacy historically was treated as a question of fact, which supports a claim that adequacy is appropriately treated in accordance with SCOTUS precedent governing questions of fact. This raises serious questions

about the propriety of any attempts by lower courts to homogenize this area of law by pre-determination, which arguably conflicts with SCOTUS cases such as *Price v Johnston and Cooter & Gell v. Hartmax corp.*

The above fact is probative when considering the law in light of the supreme Courts holding in *ortiz v. Fibreboard* which held that provisions of rule 23 must be understood in the sense that they were understood when they were initially adopted, and so treating the question of fact consistently with the mandate of *Price v. Johnston*, which holds that "Appellate courts cannot make factual determinations which may be decisive of vital rights where the crucial facts have not been developed.", is a more correct application of law.

Additionally other SCOTUS cases from around the 1968 rules amendment, which is the applicable date under *Ortiz*, clearly show that relevant provisions of rule 23 were not understood as imposing a per se rule against pro se adequacy when the law was adopted.

Put simply, this courts decision was in direct conflict with controlling supreme court precedent. *Shady Grove* shows that rule 23 alone controls class action maintenance, *Amchem* shows that adequacy is a fact question, Price v.. Johnston

shows it's inappropriate to treat fact questions as homogenized by appellate decisions in prior cases, *Ortiz* shows that the rule must be understood in the sense that it was understood when relevant provisions of rule 23 were passed which is one thing that interpreting rule 23 with fidelity to the rules enabling act involves, and cases such as *Cruz v Hauck, Cruz v. Beto, Hall v. Beals, Lawrence v. Chatter,* etc, clearly indicate that rule 23 was not understood as applying a per se rule against pro se adequacy when the relevant provisions of rule 23 were adopted.

So, because the panel's decision, although it may reflect a prevailing practice somewhere, nonetheless clearly conflicts with controlling supreme court opinion, if the court fails to correct itself, my case presents substantial questions as to the propriety of the court's chosen course.

I also am able to present substantial questions regarding the immediate appeal of orders refusing service under FRCP 4. I think it's appealable under the collateral order doctrine. It may or may not be an already recognized exception, but it fits the bill. Once my right to service under that rule was mature, i had a right to notice plead my class action averments, and a meaningful chance at achieving personal jurisdiction over the defendants while that aspect of the case was live, which for me was prerequisite for completing an amendment, rather than being forced deeper

into uncharted appeal waters. I'd sooner be dismissed with prejudice, than forced to appeal without notice pleading or without personal jurisdiction over the defendants prior to withdrawing that most important part of the complaint.

This court seemed to believe that it's able to modify the federal rules of civil procedure by decision in specific cases in order to affirm the denial of clearly prescribed rights to poor people on the basis of our poverty. If the court insists on maintaining its position, my case presents substantial questions.  Amchem is clear on this point, the court isn't allowed to take away our rights under the federal rules of civil procedure by its decision in particular cases at the eleventh hour after people have already spent money on appealing.  Must so order means must so order, and my case would present substantial questions as to the propriety of treating it otherwise.

Staying the mandate also prevents this courts decision from preventing the district court from protecting the interests of absent members. This June is three years for statute of limitations. The district court's decision and the panel's decision are absolutely one hundred percent reversible on the merits, but jurisdictional grounds are less clear cut. Since loss on jurisdictional grounds is possible, I'm carefully considering ways to refile  this June, so the court can revisit it's decisions at the

three year point. However you may feel about that, if the district court has the power to do so, it may prefer to change course at such juncture to protect absent class members. That statement is made with a caveat that it should not be taken as retracting or contradicting my uncontested factual arguments from my principal brief, relating to practical finality, or death knell theories, etc.

The panels inattention to detail and clear error when deciding my appeal, and especially because my case is reasonable with at least a meaningful possibility of prevailing on further review, would make it a manifest injustice for even the district court itself to be prevented from protecting absent class members at the three year statute of limitations because of law of the case at the appellate level at this critical time, especially given other facts affecting fairness, such as suspension of procedural law, and the summary nature of the review that was given.

It would be unconscionable for the district court to be prevented from protecting the interests of absent class members at this time,  especially given the poor standard of review that was actually provided for the initial hearing, and the extraordinary numerosity of the affected class.

Electronically signed by: William Louis Armstrong