**0:24-cv-03182**

**Seventh Circuit U.S. Court of Appeals**

***William Armstrong v. Boyland Auto BGMC LLC, et al***

**Appeal – United States District Court for the Eastern District of Wisconsin**

**William Armstrong's Petition for rehearing and rehearing en banc**

**William Louis Armstrong , 2580 S 34th St Milwaukee WI 53215, 414-248-1487**

**Service made on May 27th 2025 by US mail; upon National Business Brokers at 100 Spectrum Center Drive, Suite 900, Irvine, CA 92618; upon Kunes Buick GMC at 7020 S 27th St Suite A, Oak Creek, WI 53154; upon Kaufman Dolowich at 30 N La Salle St Suite 1700, Chicago, IL 60602; upon General Motors at 100 Renaissance Center, Detroit, MI 48243; upon Automotive Experts LLC at 5500 PRYTANIA ST #534 NEW ORLEANS, LA 70115; upon Boyland Auto BGMC, LLC at COGENCY GLOBAL INC, 100 WILBURN RD, SUITE 100 SUN PRAIRIE , WI 53590; upon Dorian Boyland at 6219 LOUISE COVE DRIVE, WINDERMERE, FL 34786**

**Document has 4,049 words, with 170 words excluded from limit.**

This petition presents structured tables of arguments and conflicts, referencing principal brief arguments, authorities, and controlling case quotations. The table of arguments generally presents quotations as quoted in the principal brief. Both tables, together, show that the panel decision directly conflicts with Supreme Court and Seventh Circuit precedent. Full court consideration is necessary to secure decisional uniformity, especially given the unique facts and historical background affecting this area of law. A plain-language argument follows, detailing the panel's key oversights, misapprehensions, and other flaws.

**Table of arguments**

| # | Argument | Location( brief page ) | Statutes / Rules | Principal Cases Cited | Exact Supporting Quotation |
|---|----------|------------------------|------------------|-----------------------|----------------------------|
| 1 | **Adequacy under Rule 23(a)(4) is a fact question that cannot** | p. 14 | FRCP 23(a)(4) | *Susman*; *Fitzsimmons* | *Susman*, 561 F.2d at 90: "Whether a party will adequately |

| | | | | |
|---|---|---|---|---|
| | **be homogenized; the district court erred by applying a per-se bar to pro se class representatives.** | | | protect the interests of the class is a question of fact depending on the circumstances of each case." |
| 2 | **The no-representation-by-pro-se rule is only a general rule; courts may depart from it when its justifications are absent, such as at precertification stage of class action.** | p. 16 | 28 U.S.C. § 1654 | *Elustra*; *Singleton* | *Singleton*, 428 U.S. at 121: "Like any general rule, however, this one should not be applied where its underlying justifications are absent." |
| 3 | **Refusing issuance of summons to indigent plaintiff before IFP status was granted** | p. 21 | FRCP 4(b); 5th & 14th | *Armstrong v. Manzo*; *Griffin* | *Armstrong*, 380 U.S. at 552: "A fundamental requirement of due |

| | | | | |
|---|---|---|---|---|
| | **created an unconstitutional wealth-based classification.** | | Amends. | process is 'the opportunity to be heard' … at a meaningful time and in a meaningful manner." |
| 4 | **After granting IFP, court's refusal to order Marshal service contravened Rule 4(c)(3) and is reversible legal error.** | p. 18 | FRCP 4(c)(3); 28 U.S.C. § 1915(d) | **FRCP 4(c)(3)** (rule text): "At the plaintiff's request, the court may order that service be made … The court **must so order** if the plaintiff is authorized to proceed in forma pauperis …" |
| 5 | **The district judge had ample power to admit or appoint counsel …** | pp. 23-26 | 28 U.S.C. §§ | *Ex parte Garland; Ex* | *Secombe, 60 U.S. 9 (1856)* "And it has been well |

| | | | | |
|---|---|---|---|---|
| | **and abused discretion by declaring himself powerless.** | | 132, 1651, 1654, 2071; FRCP 23(g)(1)(E), 83 | *parte Secombe* | settled…that it rests exclusively with the court to determine who is qualified to become one of its officers, as an attorney…" |
| 6 | **Rule 23 and *Shady Grove* entitle any plaintiff who satisfies the prerequisites to maintain a class action; local or prudential bars are pre-empted.** | p. 16 | FRCP 23; 28 U.S.C. § 2072(b) | *Shady Grove*; *Geraghty* | *Shady Grove*, 559 U.S. at 398: "Allstate asserts that Rule 23 neither explicitly nor implicitly empowers a federal court 'to certify a class in each and every case' where the Rule's criteria are met. Id. at 13–14. But that is |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | exactly what Rule 23 does.” |
| 7 | **The district court abused its discretion by failing to recognize it had discretion (non-exercise of discretion is itself reversible).** | p. 15 | — | *Corner*; *Dolin*; *Koon* | *Corner*, 967 F.3d at 665: “A court’s failure to exercise its discretion is itself an abuse of that discretion.” |
| 8 | **Applying the outdated “as soon as practicable” Rule 23 standard (instead of “early practicable”) was legal error that infected proceedings.** | p. 22 | FRCP 23(c)(1)(A) | *Amchem* | *Amchem*, 521 U.S. at 620: “Courts are not free to amend a rule outside the process Congress ordered…” |
| 9 | **Failure to consider *Maclin-v-Freake*** | p. 22 | 28 U.S.C | *Maclin*; *Hilton* | |

| | | | | |
|---|---|---|---|---|
| | **counsel factors and** *Hilton-v-Braunskill* **stay factors shows erroneous legal framework.** | | . § 1915( e)(1) | |
| 10 | **The district court violated** *Amchem***'s command to keep "the interests of absent class members in close view"; calling child victims "entirely speculative" proves it ignored those interests …** | p. 7 | FRCP 23 | *Amchem* ; *Conrad* | *Amchem*, 521 U.S. at 612: "Rule 23…must be interpreted with fidelity to the Rules Enabling Act and applied with the interests of absent class members in close view,..." |
| 11 | ***Amchem* forbids ad-hoc modification of Federal Rules; by treating Rule 4(c)(3) as** | pp. 18 | FRCP 4(c)(3 ); FRCP | *Amchem* | *Amchem*, 521 U.S. at 620*:* "Courts are not free to amend a rule |

| **optional, the court effectively rewrote it, exceeding its authority.** | 23; 28 U.S.C . § 2072( b) | outside the process Congress ordered…" |

---

## Table of conflicts

| # | **Panel decision creates the conflict** | **Conflicting Supreme Court Precedent** | **Conflicting Seventh Circuit Precedent** |
|---|---|---|---|
| 1 | "It is well understood that a pro se litigant can represent only himself." Panel never addresses Rules Enabling Act preemption of conflicting | ***Shady Grove***, *559 U.S. 393, 398* ("Rule 23 unambiguously authorizes any plaintiff…to maintain a class action if the Rule's prerequisites are met."); | ***Susman***, *561 F.2d 86, 90* (adequacy must be decided case-by-case); |

| | | | |
|---|---|---|---|
| | law or Rule 23(a)(4) adequacy fact-finding, and adds a counsel requirement not in Rule 23. | *Ortiz v. Fibreboard Corp*, *527 U.S. 815, 845-48* ("We are bound to follow Rule 23 as we understood it upon its adoption; not free to alter it except through the Rules Enabling Act."); *Cruz v. Hauck, 404 U.S. 59; Cruz v. Beto, 405 U.S. 319; Hall v. Beals, 396 U.S. 45* (SCOTUS considered pro se class actions after Rule 23's adoption; showing the rule wasn't understood as imposing categorical bar); | *Fitzsimmons*, *805 F.2d 662* (same); *Dear v. Rathje, 485 F.2d 558* (non-lawyer pro se next friend remanded to district court for issuance of summons; no absolute bar). |
| 2 | The panel applies the pro se bar as an absolute rule, instead of a general rule, overlooking exceptions | *Singleton, 428 U.S. 106, 121* (general rules yield when justifications are absent); | *Elustra, 595 F.3d 699, 705* (calls the pro se bar a |

| | | | |
|---|---|---|---|
| | and context (including pre-certification). | | "general rule"); *Georgakis*, *722 F.3d 1075* (Lawyer may bring qui tam pro se) |
| 3 | The panel treats adequacy — a fact question — as subject to categorical appellate resolution without record development. | *Price v. Johnston*, *334 U.S. 266, 284* (appellate courts cannot decide undeveloped factual issues); *Cooter & Gell*, *496 U.S. 384, 401* (fact-bound issues resist uniform appellate treatment). | *Susman*, *561 F.2d 86, 90;* *Fitzsimmons*, *805 F.2d 662* (adequacy as individualized fact question) |
| 4 | The panel approves deferred screening and refusal to issue summons before IFP status. | *Griffin v. Illinois*, *351 U.S. 12* (equal access for indigents). | *Dear v. Rathje*, *485 F.2d 558* (clerk must issue |

| | | | |
|---|---|---|---|
| | | | summons "forthwith" to pro se non-lawyer next friend) |
| 5 | The panel treats Rule 4(c)(3) mandate as discretionary, effectively rewriting the rule. | *Amchem*, 521 U.S. 591, 620 (courts may not amend rules by decision). | *Dear v. Rathje*, 485 F.2d 558 (rewrite conflicts with rule's mandate). |
| 6 | Panel declares district court acted "*reasonably*," never acknowledging it's statements showing it didn't recognize discretion | *Koon*, 518 U.S. 81, 100 (failure to exercise discretion is error). | *Corner*, 967 F.3d 662; *Dolin*, 951 F.3d 882 (same abuse-of-discretion rule) |

| 7 | The panel affirms district court reliance on outdated "as soon as practicable" language instead of "early practicable time" for Rule 23. | *Amchem*, 521 U.S. at 620 (courts may not amend rules by decision). | — |
| 8 | The panel disregards required factors for counsel appointment and stay, finding denial "reasonable" without analysis. | *Hilton*, 481 U.S. 770 (required stay factors). | *Maclin v. Freake*, 650 F.2d 885 (mandatory counsel factors for appointment) |

For starters, the panel overlooked two essential distinctions. First, "pro se" and "non-lawyer" are not synonymous and this difference is material. The panel's misapprehension and resulting prejudice is demonstrated in its handling of *Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013),* which holds "to maintain a suit on behalf of the government, the relator... has to be either

licensed as a lawyer or represented by a lawyer,". This either-or holding in

Georgakis shows that specifically pro se's may maintain representative actions,

with any bar against pro se representation being no stricter than a general rule.

Thus, the relevant legal question is narrowed to non-lawyer representation. Notice

that the district court's reasoning was specifically pro se, making the error plain.


The second critical point: I never argued that the court should have admitted me as

an attorney by alternative means; I argued it could have. This distinction is

fundamental – the former is fact-bound, the latter is a question of law. If the district

court can admit an attorney by order during the course of proceedings, obviously

the district court could enter such an  order prior to ordering dismissal, which

shows that the district courts have discretion to moot a non-lawyer issue at least

beyond a point. The panel's misapprehension of this distinction suggests that

incorrect standards were applied: deference for fact, but de novo review for law.

Accordingly, *Georgakis* shows that a pro se may maintain an action on behalf of

others, narrowing the issue to non-lawyer representation. The district court

possesses discretion to admit a person as an attorney by order and could have

exercised this discretion before dismissal, allowing continued maintenance of the

action regardless of pro se or non-lawyer status, which further narrows the issue.

The remaining issue is whether anything before an order of admission would automatically be a nullity; but the law supports my position. I presented the general rule argument and additional class action specific arguments, including *Shady Grove's* holding that rule 23 creates an absolute entitlement if it's criteria are satisfied, while arguing that adequacy is a question of fact that can't be homogenized, or decided in advance without the record developed. Other cases — *Elustra v. Mineo, Cruz v. Hauck*, and other SCOTUS authorities — demonstrate it's not automatically a nullity.

The arguments from my brief covered each of the above three issues, and additional citations in this petition are generally redundant to the cases offered in my principal brief. It was error for the panel to treat the rule as iron-clad, ignoring my argument that a general rule must yield when its underlying justification is absent — such as in a pre-certification class context, where absent members would not yet be bound. Precedent from this circuit explicitly calls the relevant rule a general rule, and there's numerous precedential SCOTUS cases that appear to treat it as such. Failure to address the general rule argument, while designating the decision non-precedential, is effectively an open application of a different law to a disfavored class — raising grave due process concerns.

Had the district court recognized its discretion, its decision might be sustainable, but my appeal challenges the court's failure to recognize its discretion — a prejudicial legal error. The record reflects that the district judge believed he was legally barred from even screening my complaint. That's clear and harmful error. The court had options for allowing maintenance of the action despite my ostensible pro se or non-lawyer status at pertinent times. The panel's failure to acknowledge the district court's mistaken view, and its disregard of my legal arguments regarding discretion, constitute abuse of discretion.

My principal brief raised several arguments establishing the district court's discretion to screen the complaint despite ostensible non-lawyer pro se status — arguments the panel disregarded. I argued the pro se representation bar is only a general rule, and its underlying justifications are absent in this pre-certification class context. This was supported by both circuit and Supreme Court precedent. I argued that SCOTUS authority and Rule 23's plain text preempt contrary bars, and that adequacy under Rule 23 is a fact question, not amenable to a per se, appellate-imposed uniformity — again supported by circuit and Supreme Court law. I argued the district court could have admitted a person as an attorney by order, mooting possible non-lawyer issues. Further, I argued district court rules, not appellate mandates, control who may appear as counsel below; reading appellate decisions as eliminating district court discretion would contravene statute and

precedent. The district court's broad discretion to permit continued representation is clear under existing law

The panel disregarded my argument of absolute entitlement to maintain a class action if Rule 23's requirements are met. It provided no explanation for treating adequacy — a question of fact — as an exception to rules that appellate courts cannot decide undeveloped factual issues (*Price v. Johnston*), and that "fact-bound resolutions cannot be made uniform through appellate review" (*Cooter & Gell*). The panel never explained why *Shady Grove's* holding — "Rule 23 unambiguously authorizes any plaintiff, in any federal civil proceeding, to maintain a class action if the Rule's prerequisites are met" — showing that rule 23 alone controls class action maintenance, should be understood as categorically excluding pro se litigants, despite *Ortiz v. Fibreboard's* command that the Court "follow Rule 23 as we understood it upon its adoption," and not alter it outside the Rules Enabling Act. SCOTUS cases such as *Cruz v. Hauck, Cruz v. Beto, and Hall v. Beals*, demonstrate that Rule 23 wasn't understood as imposing a categorical bar on pro se class actions when adopted; and only in *Hall* was the pro se also an attorney. The panels overlooking of the Supreme Courts position in *Ortiz*, and overlooking other demonstrative cases is critical error.

The panel also overlooked or misapprehended key laws and facts affecting my claims of error regarding refusal to serve defendants or issue summons.

The most significant oversight is the panels failure to apply *Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997),* holding that federal rules of civil procedure cannot be amended by decision in particular cases. Neither the panel nor the district court had discretion to modify FRCP 4(c)(3) here, changing the mandatory "must so order" language to something non-obligatory. The district court may or may not have needed to grant the fee waiver before screening or taking other actions, but once it did, I was entitled to service. This court abused discretion by effectively amending the federal rules to affirm the district court's denial of clearly prescribed procedural rights

This court overlooked *Jones v. Bock, 549 U.S. 199 (2007),* which holds that "the PLRA's screening requirement does not...justify deviating from the usual procedural practice beyond the departures specified by the PLRA." The direction to screen complaints is not carte blanche to violate judicial oaths or create massive disparities in procedural rights between rich and poor. Screening doesn't justify departing from usual procedural practice under FRCP 4(c)(3): service must be ordered upon request if the plaintiff is allowed to proceed in forma pauperis, and a

properly completed summons must be issued forthwith when presented to the clerk.

*Jones v. Bock* shows that it was clear legal error to depart from the usual procedural practice involving principles of party presentation for Rule 23 issues. Deferring screening is not merely delaying it; it's a deviation from usual procedures not justified by the PLRA. Relying on the court's screening responsibility as a basis for such substantial departures from usual practice in this case is seriously misguided.

Ultimately, it's an abuse of discretion to amend FRCP 4(c)(3) by decision in this case, making its mandatory language non-obligatory. That alone establishes legal error. My claims of prejudice were uncontested factual arguments in my brief and should be accepted as true.

---

The above contents focus largely on my keystone issues — errors involving the district court's non-recognition of its discretion to allow the class action to proceed, and errors involving issuance or service of process. But the panel's decision, despite its brevity, overlooks and misapprehends numerous facts and laws, and is severely flawed.

The panel overlooked that *Lu v. Ou* is an unconstitutional advisory opinion with respect to class action, because it wasn't class action, and referred only to

non-binding out of circuit opinions for it's statements concerning class actions, and Dear v. Rathje supports this position. The court also overlooked footnote 3 of *United States ex rel. Eisenstein v. City of New York, 556 U.S. 928 (2009),* and *Viking River Cruises, Inc. v. Moriana 596 US _ (2022),* each of which emphasize the importance of distinguishing between qui tam and other procedural contexts for reaching procedural conclusions.

The panel's initial decision misapprehends various details related to the procedural history and factual background, including without limitation by treating Kaufman Dolowich as an individual or automotive business when they're actually a lawfirm, by characterizing my appearance as pro se in contrast with pro per or pro omnibus membris given that pro se is not an accurate description in latin for the applicable context, by falsely claiming that i motioned repeatedly for certification, by mischaracterizing my efforts to develop the district court record and protect the interests of absent class members as "ignoring" district court orders, by falsely claiming that i repeatedly violated district court orders, by falsely claiming that the district court stated it would order dismissal if it filed just any additional motions, et al. It also wasn't a rule 4 (b) dismissal — it wasn't moved for by defendants.

Panel overlooked argument that district court should have considered arrangements with Attornatio Trust.

There isn't space to fully brief the constitutional crisis created by the handling of my case and appeal by this court and the district court — alarming given the brevity of my case itself. This raises the specter that due process isn't being afforded generally, due to how rules abridge or modify rights to petition the judiciary and this court's handling of those limitations. If word limits aren't extended when appropriate, it's constitutional injury. I've had practically no choice but to omit much of my constitutional case here and in my principal brief.

The court should determine and specify its jurisdictional basis. *LeBlang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 687 (7th Cir. 1998)* states, "If the dismissal was without prejudice, then it was not a 'final decision' unless LeBlang could not file another complaint…" My principal brief raised concerns about attempting to predetermine res judicata effect by designating a non-final order as final. The actual finality basis for appellate jurisdiction was likely inapplicable here, at least without referencing other doctrines, because of *LeBlang*. I think appeal should be reached under collateral order doctrine on grounds of refusing service under FRCP 4.

Not specifying jurisdictional basis here creates an appearance of impropriety, especially given the clearly erroneous and summary treatment. Without an

articulated jurisdictional basis, this would pass for  intentionally deciding an appeal without jurisdiction to preclude prosecution on critical issues with an order that willfully disregards law. Further, the original three judges may have had a live criminal justice stake in the subject matter from their time in district courts, or could be undisclosed shareholders of defendants. The panel's statement that my arguments were sufficiently developed to refuse oral argument, but not to address the same arguments, compounds this problem.

In handling my appeal, this court suspended numerous rules without warning, depriving me of the opportunity to be heard at a meaningful time and in a meaningful manner, thereby compromising fairness. Before these suspensions, I had a specific opportunity under the law to provide supplemental authorities and assert the law and motions for my benefit; I was deprived of these chances without notice, to my disadvantage. The suspended laws included FRAP 34(b) (requiring the clerk to inform parties about oral argument), Circuit Rule 31(d) (requiring at least 14 days' notice before decision if no appellee brief is filed), and FRAP 2(a) (tying suspension of rules with orders directing further proceedings). Suspending these rules without warning undermined fairness, without limitation by preventing assertion of FRAP 31(a)(1) as a mandatory claims processing rule, and preventing full benefits of FRAP 30(c)(1) which promised more time for filing deferred appendix. This also violated the judicial code of conduct, including Canons 2A and

3A(4), by failing to afford me full rights to be heard according to law and violating court rules and law.

---

The court should grant en banc rehearing because the current status threstens public confidence in judicial integrity. The class I sought to protect has over a hundred thousand class members, and if i have to appeal this further I'm going to be emailing upwards of forty thousand attorneys, providing copies of my principal brief, the panel's initial order, and my petition for rehearing, and I won't be strangled by the word limit. The court may want to do a bit better then it's current clearly erroneous per curiam, especially if they're going to be making me appeal further. The panels clearly erroneous per curiam undermined my confidence in the integrity of the judiciary, and I believe it will have a similar effect on many of the people whom I'll email. The people deserve better than another non-precedential class action that cites only qui tam as authority.

Additionally, the initial order defamed me. Regardless of outcome, my arguments weren't without merit. Rehearing could correct defamation.

My principal cases are clear: the district court did actually have discretion that it failed to recognize, and the federal rules of civil procedure cannot be changed by decision in specific cases to deprive people of clearly prescribed rights. That the

panel attempted to do so raises serious integrity concerns, especially given the judicial oath, and is particularly troubling where the rationale for diminishing rights under the federal rules was disproportionately because of poverty.

The panel's reasons for affirming refusal to order service were all reducible to because of poverty and were otherwise arbitrary and capricious. I always intended to use my matter of course amendment, and the amendment that i prepared is a substantial expansion on the current complaint, that does a better job pleading facts such as property in hands of victims as the object, materiality of misrepresentations, traceability to predicate acts, and proximate causation by each of the defendants, et al. That I might get an attorney to handle an amendment is a poor reason, and it's arbitrary and capricious to frame it as an efficiency issue, since attorneys are mandatory e-filers and nearly all defendants are businesses (except for one individual in Florida). Any amendment by an attorney would almost certainly be automatically served on every defendant via PACER, which doesn't render inefficient.

If rehearing is granted, I request that the court order oral arguments and additional briefing, to avoid further gross oversights and misapprehensions, such as the panel's treatment of Georgakis which actually proves my case rather than rebuts it.

Similar errors on rehearing would be manifest injustice. I probably even know what would be misapprehended next and am prepared to answer it.

Also, the three year point for statute of limitations will be this June — less than a month from this filing — and while I stand by my legal case, the circumstances may justify changing the law, irrespective of the law's current status. While I don't think someone else bringing suit should be determinative against me, especially before their adequacy is adjudicated, if no one else files to preserve three year claims, that's something the court should consider. Plus, out of state subclasses are beyond the limitations period, requiring relation back to complaints such as mine.

Electronically signed by: William Louis Armstrong